■ MANAGEMENT AND TECHNOLOGY INCORPORATED, as Assignee of ELGEET OPTICAL COMPANY, INC., Appellant v. LOGETRONICS, INC., Respondent.— Order and judgment unanimously reversed, with costs, and motion denied, with costs. Memorandum: Plaintiff has instituted an action for breach of contract against defendant, a Virginia corporation not authorized to do business in this State. On this appeal from an order and judgment dismissing the complaint for lack of jurisdiction over the defendant, it asserts jurisdiction solely under

CPLR 302 (subd. [a], par. 1) upon the ground that defendant has transacted business in the State which has given rise to the cause of action. It is undisputed that defendant, a producer of photographic and optical equipment, was contemplating the purchase of lenses from plaintiff's assignor, Elgeet, a Rochester concern engaged in the manufacture of these items. After two weeks of preliminary discussions between Elgeet's product sales manager and defendant's vice president, Knibiehly, at the latter's Virginia office, Knibiehly came to Elgeet's plant in Rochester on November 17, 1965. During his visit of three or four hours, he was shown through Elgeet's plant, met with Elgeet's sales manager, chief engineer and production works manager, and finalized with the representatives of Elgeet the details of the specifications of the lenses to be produced at the Rochester plant, the price generally and the production timetable. The results of this discussion were embodied in a quotation furnished by Elgeet which, with some subsequent modifications, ultimately became the contract between the buyer and the seller. Knibiehly again visited the Elgeet Rochester plant for a half day on April 4, 1966, when he took possession of the prototype lens which had been produced by Elgeet under the contract, together with the results of tests run on the lens by Elgeet, all of which he "hand carried" back to defendant's Virginia headquarters. When defendant subsequently claimed that the prototype lens did not meet the contract specifications and refused to make payment thereunder the present action was commenced. We are satisfied that the activities of its officer Knibiehly, recited above, constituted purposeful acts performed by defendant in this State in relation to the contract being sued on. In view of these acts, by which "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Hanson* v. *Denckla,* 357 U. S. 235, 253), the minimum contact test has been met and the assumption of jurisdiction for this action does not offend "'traditional notions of fair play and substantial justice'" (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 316). (*Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443, 456–458.) (Appeal from judgment and order of Monroe Special Term, dismissing action for breach of contract.) Present — Goldman, P. J., Del Vecchio, Marsh, Bastow and Henry, JJ.